### AMANDA F. GOGGIN, EX'X, v. PARTHENIA E. HUTCHISON.

**Married Women—Conveyance of Real Estate to Married Woman—Lien.**
   A married woman is capable of receiving the title to real estate, and a conveyance to her is therefore not void; and while a lien for balance of purchase money may be enforced against her property, such claim cannot be enforced against her personally.

#### APPEAL FROM PULASKI CIRCUIT COURT.

May 21, 1878.

OPINION BY JUDGE COFER:

While no witness states in express words that J. B. Hutchison was present when the deed was executed, the inference that he was present when the deed was written is clear and unmistakable. W. H. Pettus, her counsel in this matter, and who acted in some matters connected with the trade as the friend of Mrs. Hutchison, wrote the deed.

Pennington says, "We came to town to do the writing. I mean Hutchison, Kendrick, and myself." Pettus says J. B. Hutchison informed him that the trade had been made, and gave him the terms and asked him to write the deed.

Pettus had in his hands the note on Mrs. Phillips, and gave it to W. F. Goggin to take to Mrs. Hutchison, to obtain her indorsement of a part of it to Mrs. Goggin in part payment of the purchase money; and Goggin went to Mrs. Hutchison and obtained her indorsement and her signature to the purchase money notes. This all seems to have been done on the day the deed was written; and about that time a lot of mules, also paid on the land, were delivered to W. F. Goggin, who took them to his mother. The notes bear date October 9, 1871, and the deed in October of the same year, and was ac-

knowledged on the 27th of the same month, but was not lodged for record until June 19, 1872. No other writing was executed by Mrs. Goggin, and if, as counsel suggested, the deed was never delivered to or accepted by either Hutchison or his wife, Mrs. Hutchison and counsel were guilty of the gross inattention of allowing her to pay a considerable part of the purchase money without having any written evidence of the contract. Her counsel then and now manifests a zeal in the cause of his client which forbids any such conclusion, so far as he is concerned. The deed may not have been delivered at the time it was written, but that it was delivered long prior to the institution of this suit, and that Mrs. Hutchison knew it, we entertain no doubt.

The contract was completely executed when the deed was made and accepted. That a lien was retained for the unpaid purchase money did not prevent the title from vesting or from being complete. A married woman is capable of receiving the title to real estate, and conveyance to her is therefore not void. Her contracts, so long as they are executory, are void, and her contract to pay the purchase money can not be enforced against her personally. But as she has become invested with the title, she holds it subject to the encumbrances created by the deed under which she derived title, and that encumbrance can be enforced, not against her, but against the land.

To hold the conveyance to a married woman void would be to decide that she is incapable of receiving the title to land, a doctrine not to be thought of at this period in the history of the world.

The petition must be overruled.

*Hill & Allcorn, for appellant.   W. H. Pettus, for appellee.*